IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

        v.                            09-MJ— **640** -JWF

ROCHESTER POWER WASH, INC.

           Defendant.
_____

UNITED STATES DISTRICT COURT
FILED
SEP 1 4 2009
MICHAEL J. ROEMER, CLERK
WESTERN DISTRICT OF NY

## PLEA AGREEMENT

The defendant, ROCHESTER POWER WASH, INC. and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.   THE PLEA AND POSSIBLE SENTENCE

1.   The defendant agrees to waive indictment and to plead guilty to a one count misdemeanor Information charging a violation of Title 33, United States Code, Section 1319(c)(1)(A) [violation of the Clean Water Act], for which the maximum possible sentence is a term of imprisonment of 1 year, a fine of not less than $2500 nor more than $25,000 per day of violation, a mandatory $25 special assessment and a term of probation of 5 years.   The defendant understands that the penalties set forth in

this paragraph are the maximum penalties that can be imposed by the Court at sentencing.


## II.   **ELEMENTS AND FACTUAL BASIS**


2.   The defendant understands the nature of the offense[s] set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a) a person

b) negligently discharges a pollutant

c) from a point source

d) into a water of the United States

e) without a permit


### **FACTUAL BASIS**


3.   The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a.   Rochester Power Wash Inc. (RPW), a vehicle washing
     service located in the Western District of New
     York, has been providing the United States Postal
     Service with washing service for a number of
     years.  Between 2004 and 2006, RPW had a contract
     with the United States to wash the vehicles of the
     United States Postal Service.

b.   According to the RPW contract, "[v]ehicles are to
     be washed using a method that is in conformance
     with applicable environmental laws and completed
     in accordance with this solicitation.  Further,
     under no circumstances shall vehicle wash water
     effluents enter a storm drain."

c.   Between on or about March 1, 2007 and on or about
     April 30, 2007, RPW employees were observed
     washing United States Postal Service vehicles
     without reclaiming the water used for pressure
     washing the vehicles.  Waste water was observed
     running into the sewer systems when RPW conducted
     its washing service at the Fairport carrier annex.
     RPW had no permit for the discharge of the
     pollutants into the storm sewers.  The storm
     sewers at the Fairport carrier annex empty into
     Irondequoit Bay which flows into Lake Ontario.
     Accordingly, RPW was negliglently discharging
     pollutants into a navigable water of the United
     States without a permit.

d.   The above facts are set forth for the limited
     purpose of complying with Rule 11(b)(3) and are
     not intended to serve as a complete statement of
     the defendant's criminal conduct.

### III.   <u>SENTENCING GUIDELINES</u>

4.   The defendant understands that the Court must consider
but is not bound by the Sentencing Guidelines (Sentencing Reform
Act of 1984).

## APPLICABLE GUIDELINES SECTION

5.   The government and the defendant agree that Chapter Two, Part Q of the Sentencing Guidelines applies to violations of the Clean Water Act.  Guidelines § 8C2.1 indicates that the Fine Guidelines for a corporate defendant do not apply to offenses involving the environment under Chapter Two, Part Q of the Guidelines.  Guidelines 8C2.10 states that the Court should determine an appropriate fine by applying the general statutory provisions governing sentencing.  The government and the defendant agree that the Alternative Fines Act provides for a fine under Title 18, United States Code, Section 3571 which specifically allows for a fine up to $200,000 for an organization for a class A misdemeanor that does not result in death.

6.   The government and the defendant agree that Guidelines §§ 8D1.1 and 8D1.2 allow the Court to order a term of probation of at least one year but not more than five years should the Court find that such is appropriate under such sections.

7.   Pursuant to Rule 11(c)(1)(C), the government and the defendant agree that the defendant should be fined $10,000 and that the defendant be placed on probation for a period of five (5) years.  This recommendation is based on the fact that the

corporation is closely held.  The government has reviewed the defendant's financial records and has determined, under the circumstances, that the fine of $10,000 is a fair and just disposition that not only punishes the conduct but provides a sufficient deterrence against similar conduct by others.  Since this plea is in satisfaction for any violations of the Clean Water Act by the corporation and all individuals known by the government at this time, a fine of $10,000 is appropriate and serves the interests of justice.

8.   The government will recommend to the Court at the time of sentencing, and the defendant specifically agrees to accept, a five (5) year term of probation which at a minimum would include the following terms and conditions:

a)   The defendant shall undertake and shall ensure that any legally-authorized remedial action required by a duly authorized regulatory agency shall be undertaken so as to remedy any past violations and so as to assure that all future activity conforms with all federal, state and local laws, regulations and policies.

b)   The defendant shall also undertake and shall ensure that there will be no future substantial

violations of any environmental laws, including the
limitations required under any permit obtained or
required by any duly authorized federal, state or local
agency.

c)   The defendant will fully cooperate with all local,
state and federal environmental authorities in carrying
out their oversight responsibilities so as to ensure
full compliance with all environmental statutes,
regulations, policies and guidelines.

9.   Because this is a guilty plea by a corporation which
resolves the criminal investigation, the government agrees not to
oppose a request by the defendant that the Pre-Sentence Report be
waived and that the defendant be sentenced at the entry of the
Plea of Guilty.

10.  Similarly, the defendant agrees to pay the fine of
$10,000 at the time of sentence and will not seek, nor argue for,
a fine any less than $10,000.

11.  If, the Court rejects the fine as set forth in
Paragraph 7 of this plea agreement, the defendant shall then be
afforded the opportunity to withdraw the plea of guilty.  If the
Court adopts the fine recommendation set forth under Paragraph 7

-6-

of this plea agreement, the defendant understands that it will **not** be entitled to withdraw its plea of guilty.

## IV.   STATUTE OF LIMITATIONS

12.   In the event the defendant's plea of guilty is/are withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the Clean Water Act which is not time barred as of the date of this agreement.  This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.   GOVERNMENT RIGHTS AND RESERVATIONS

13.   The defendant understands that the government has reserved the right to:

a.   provide to the Probation Office and the Court all
the information and evidence in its possession
that the government deems relevant concerning the
defendant's background, character and involvement
in the offense charged, the circumstances
surrounding the charge and the defendant's
criminal history;

b.   respond at sentencing to any statements made by
the defendant or on the defendant's behalf that
are inconsistent with the information and evidence
available to the government;

c.   modify its position with respect to any sentencing
recommendation or sentencing factor under the
Guidelines including criminal history category, in
the event that subsequent to this agreement the
government receives previously unknown information
regarding the recommendation or factor.

14.   The defendant agrees that any financial records and
information provided by the defendant to the Probation Office,
before or after sentencing, may be disclosed to the United States
Attorney's Office for use in the collection of any unpaid
financial obligation.

15.   The defendant understands and agrees that the Court at,
the time of sentencing, may order that all monetary penalties
imposed at that time (including any fine, restitution, or special
assessment imposed in accordance with the terms and conditions of
this plea agreement) are to be due and payable in full
immediately and subject to immediate enforcement by the United

States.   The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the United States to enforce the judgment.


## VI.   APPEAL RIGHTS


16.   The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.   The defendant, however, knowingly waives the right to appeal and collaterally attack the agreed upon fine of $10,000 and period of probation set forth in Section III, ¶ 7, above.


17.   The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.


18.   The government waives its right to appeal the agreed-upon sentence to be imposed by the Court.   However, in the event

of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.


## VII.   TOTAL AGREEMENT AND AFFIRMATIONS


19.   This plea agreement represents the total agreement between the defendant, **ROCHESTER POWER WASH, INC.**, and the government.   There are no promises made by anyone other than those contained in this agreement.   This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

KATHLEEN M. MEHLTRETTER
United States Attorney
Western District of New York


BY:   _____
TIFFANY M. LEE
Assistant U.S. Attorney


Dated: September 14 , 2009



The corporate defendant, ROCHESTER POWER WASH, INC., by its attorney, Michael R. Wolford, Esq. and by a vote of the Board of Directors, a copy of which resolution is attached hereto and

-10-

marked Exhibit A, hereby agrees to all the terms of this agreement.  Furthermore, the defendant, ROCHESTER POWER WASH, INC., acknowledges that all the terms of this agreement, which consists of 11 pages, have been explained to the Board of Directors.  The corporation has had a full opportunity to discuss this agreement with its attorney, Michael R. Wolford, Esq.  The corporation states that it represents the total agreement reached between itself and the government.  No  promises or representations have been made to the corporation or any representative of the corporation other than what is contained in this agreement.  The corporation fully agrees with the contents of this agreement.  The corporation is signing this agreement voluntarily.


_____          _____
ROCHESTER POWER WASH, INC.               MICHAEL R. WOLFORD , ESQ.
BY: SAMUEL CENTANNI                       Attorney for Defendant
President                                 Corporation
Defendant

Dated: September _14_, 2009               Dated: September _14_, 2009


-11-